Martha G. Bronitsky, #127583
Chapter 13 Standing Trustee
Leo G. Spanos, #261837, Staff Attorney
Nima Ghazvini, #254758, Staff Attorney
PO Box 5004
Hayward, CA 94540
(510) 266- 5580
13trustee@oak13.com

# THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

In re

**Cara Pietrina Cordoni**

Debtors

Chapter 13 Case No. 18-40460-CN 13

Amended Chapter 13 Trustee's Objection to Confirmation of Chapter 13 Plan and Motion to Dismiss or Convert Chapter 13 Case

| Plan Objection Information |
|---|

Chapter 13 Trustee Objects To: Chapter 13 Plan
Filed: April 26, 2018
Docket#: 28

| Motion To Dismiss Information |
|---|

☑ Trustee Seeks To Dismiss or Convert the Case

(See II. Motion To Dismiss Below)

| Case Information |
|---|

Petition Filed: February 26, 2018        Attorney Name: PRO PER

## I. Objection

Martha G. Bronitsky, Chapter 13 Trustee in the above referenced matter, opposes confirmation of the Chapter 13 Plan on the following grounds:

### (A) Chapter 13 Plan 11 U.S.C. 1322, 1324, 1325 and 1326

☐ (1) The plan fails to provide for submission of all or such portion of future earnings or other future income to the supervision and control of the Trustee as is necessary for execution of the plan. [11 U.S.C.§1322(a)]

Facts:

☐ (2) The plan fails to provide for the full payment, in deferred cash payments, of all claims entitled to priority under 507 of this title [11 U.S.C.§1322(a)]

Facts:

☐ (3) The plan fails to provide for the same treatment of claims classified within a particular class. [11 U.S.C.§1322(a)]

Facts:

☐ (4) The plan unfairly discriminates between a class or classes of unsecured claims.[11 U.S.C.§1322(b)]

Facts:

☐ (5) The plan impermissibly modifies the claim of the creditor secured only by a security interest in real property that is the Debtor's principal residence. [11 U.S.C.§1322(b)]

Facts:

☐ (6) The value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 on this title on such date. [11 U.S.C.§1325(a)(4)]

Facts:

☐ (7) The plan is not feasible. Debtor will not be able to make all payments under the plan and comply with the plan. [11 U.S.C.§1325(a)(6)]

Facts:

☐ (8) The Debtor has not paid all domestic support obligation as required by 11 U.S.C.§1325(a)(8).

Facts:

☐ (9) The Debtor has not filed all applicable tax returns required by 11 U.S.C. §1325(a)(9)

Facts:

☐ (10) The plan does not provide for the payment of equal monthly amounts to allowed secured claims. [11 U.S.C.§1325(a)(B)(ii)(I)]

Facts:

☒ (11) The plan has not been proposed in good faith [11 U.S.C. 1325(a)(3)] and/or the action of the Debtor in filing the petition was in bad faith. [11 U.S.C.§1325 (a)(7)]

Facts: The Debtor has no reorganizational purpose and has failed to prosecute this case; the Debtor has not provided payment advices, filed a pro per declaration, nor served the plan with 28 days' notice and opportunity to object; the Debtor has failed to produce documents requested by the Trustee related to the Trustee's investigation of Debtor's assets and financial affairs (evidence of ownership interest in properties listed on schedule A/B); the plan has no purpose; it proposes $100 per month with a 1% dividend to unsecured creditors yet fails to provide for any priority or secured debt (doc. #28); in addition, the Debtor has no automatic stay with respect to Wilmington Trust NA (657 South 22nd Street, San Jose, CA 95116 (doc. #41) and PennyMac Holdings, LLC (2518 Encinal Avenue, Alameda, CA 94501, listed as the debtor's residence); to the extend the Debtor has remedies against either creditor, these should be litigated in state court.

☐ (12) The plan provides for payments to creditors for a period longer than five (5) years [11 U.S.C.§1322(d)]

Facts:

☐ (13) With respect to each allowed secured claim provided for by the plan, the plan fails to provide for the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed amount of such claim. [11 U.S.C.§ 1325(a)(5)(B)(ii)]

Facts:

☐ (14) The plan does not provide for all of the Debtor's projected disposable income ("DMI") to be applied to unsecured creditors under the plan purusant to 11 U.S.C. 1325 (b).

Facts:

☐ (15(a)) Other:

Facts:

☐ (15(b)) Other:

Facts:

### (B) Local Rules and General Orders

☐ (16) Debtor failed to utilize, or failed to properly complete, the Mandatory Form Plan for Chapter 13 cases filed or converted to Chapter 13 on or after December 1, 2017.

Facts:

☐ (17) Debtor failed to file and serve a motion to value collateral and obtain an order or has otherwise failed to value collateral as part of or "through" the plan.

Facts:

☐ (18) The plan provision regarding Debtor's Attorney's fees fails to comply with General Order 35 or the existing Guidelines for Payment of Attorney's Fees in Chapter 13 cases.

Facts:

☐ (19) Other:

Facts:

### II. Motion to Dismiss or Convert Chapter 13 Case

The Trustee seeks dismissal or conversion of this case pursuant to 11 U.S.C. § 1307(c) on the following grounds:

☐ (1) Unreasonable delay by the Debtor that is prejudicial to creditors.

Facts:

☐ (2) Payments to the Trustee are not current under the Debtor's proposed plan.

Facts:

☐ (3) Failure to confirm a plan.

Facts:

☐ (4) Failure of the Debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

Facts:

☐ (5) Failure to provide documents and information (Schedules, Statement of Financial Affairs, payment advices, etc...) to the Trustee as required by 11 U.S.C. § 521(a)(1),(3),or (4). [11 U.S.C. § 1307(c); 11 U.S.C. 521].

Facts:

☐ (6) Other cause:

Facts:

### III. Trustee's Recommendation/Analysis

☑ The current plan is not confirmable and an amended plan will be required to be filed.

☑ No confirmable plan can be filed based on the facts of this case.

☐ Other:

**WHEREFORE,** the Trustee requests:

☑ That the Trustee's objection to confirmation of the plan be sustained.

☐ That the Trustee's objection to confirmation of the plan be sustained and a bar date to achieve confirmation be set.

☑ That the Debtor's case be dismissed or converted.

Such other and further relief as the court deems proper.

Date: 8/14/2018

/s/ Trustee Martha G. Bronitsky
Trustee Martha G. Bronitsky
Chapter 13 Standing Trustee

## Certificate of Service

I HEREBY CERTIFY that I have served a copy of the within and foregoing document on the Debtor, Counsel for Debtor, and if applicable, the Creditor, Creditor representatives and the registered agent for the Creditor by depositing it in the United States Mail with First Class postage attached thereto.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| | |
|---|---|
| Date: August 14, 2018 | /s/ Martha Silva |
| | Martha Silva |
| Cara Pietrina Cordoni<br>2518 Encinal Ave<br>Alameda, CA 94501 | Pro Per<br><br>(Counsel for Debtor) |
| Debtor | |